KIRSCHENBAUM LAW, PC
JEFFREY B. KIRSCHENBAUM (SBN: 152290)
KRISTIN L. WILLIAMS (SBN: 312902)
328 15th Street
Oakland, CA  94612
Telephone: (510) 740-9260
Email:  Jeff@Kirschenbaumlaw.com

Attorneys for Plaintiff,
TIBCO Software Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBCO SOFTWARE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROCARE PORTAL, LLC,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff TIBCO Software Inc. ("TIBCO" or "Plaintiff"), by and through its undersigned counsel, complains and alleges as follows:

### PARTIES

1. Plaintiff TIBCO is a Delaware corporation, with its principal place of business at 3303 Hillview Avenue, Palo Alto, California 94304.

2. Upon information and belief, Defendant ProCARE Portal LLC ("ProCARE") is a Georgia corporation, with its principal place of business at 245 N. Highland Ave NE, Suite, 230-328, Atlanta, Georgia 30307.

### JURISDICTION AND VENUE

3. Jurisdiction exists under 28 USC §1332, based upon the diversity of the parties and the amount in controversy which exceeds $75,000.

4. Venue is proper under 28 U.S.C. §1391 as the actions set forth herein took place in the Northern District of California, Plaintiff performed the contract in the Northern District of California, and ProCARE is subject to personal jurisdiction in the Northern District of California.  Further, in the written agreements that are the subject of this case, ProCARE agreed to submit to the exclusive jurisdiction of the Federal Court for the Northern District of California.

### BACKGROUND FACTS

5. TIBCO is a global software company which provides integration, analytics, and event processing software to companies.  TIBCO licenses its software products and cloud services to companies.

6. On March 2, 2017, TIBCO and ProCARE entered into a Master Terms Agreement ("Master Agreement").  A true and correct copy of the Master Agreement is attached hereto as Exhibit "A."  The Master Agreement granted ProCARE a license to deploy TIBCO software products for a three-year period.

7. On March 2, 2017, ProCARE executed and delivered to TIBCO an order form (the

"Order Form") which incorporated the Master Agreement and set forth the maximum number of units of the software type that ProCARE could use during the specified term. A true and correct copy of the Order Form is attached hereto as Exhibit "B."

8. Pursuant to the Master Agreement, ProCARE was required to pay a total subscription fee equal to $124,020 payable over a three-year period ("Payment Term"). The Payment Term began on April 4, 2017 and ended on April 3, 2020. The total payment would be made over the course of three years with a total of $31,005 paid in year one; $40,927 paid in year two; and $52,088 paid in year three.

9. In exchange for ProCARE's compliance with the terms of the Master Agreement and payment of the associated fees, TIBCO granted ProCARE a limited, non-transferable license to use certain software including: (1) Jaspersoft, (2) JasperReports Server, (3) Jaspersoft-Visualize.js, (4) Jaspersoft Enterprise Edition, and (5) Jaspersoft Upshift Pack ("TIBCO Software"). ProCARE was further entitled to certain maintenance of the TIBCO Software.

10. Under the terms of the Master Agreement, ProCARE was required to pay TIBCO any fees or payments within thirty (30) days from the date of TIBCO's invoice. If fees were not paid on time, TIBCO is entitled to charge ProCARE an additional 1.5% per month late fee for all fees not paid on time.

11. TIBCO warranted that, for ninety (90) days following the delivery of the product, the TIBCO Software would operate in all material respects in conformity with the functional specifications agreed to by the parties (the "Warranty Period"). Further, the agreement stated that TIBCO is not responsible for any claimed breach of any warranty caused by: (1) modifications made to TIBCO Software, (2) combination, operation of use of TIBCO Software with any item that is not permitted in the documentation, (3) Customer's failure to use any new or corrected versions of TIBCO Software, or (4) errors caused by customization.

12. ProCARE downloaded and accessed copies of the TIBCO Software.

13. On September 7, 2017, ProCARE sent an email to TIBCO stating that it used the TIBCO Software, but the TIBCO Software allegedly did not work well with other software that ProCARE was using, and that they would not need the software licenses until a later date.

Further, ProCARE stated that it intended to cease making payments until April 2019.

14. On October 10, 2017, ProCARE emailed a termination letter to TIBCO purporting to terminate the Master Agreement.

15. Pursuant to Section 12(g) of the Master Agreement, ProCARE was required to pay all fees accrued or owed under the agreement. Specifically, Master Agreement Section 12(g) states as follows:

> "Termination of this Agreement or any Order Form does not (i) relieve Customer of its obligation to pay all fees that have accrued or are otherwise owed by Customer under this Agreement or (ii) limit either party from pursuing other remedies available to it, including injunctive relief."

16. Moreover, section 12(h) of the Master Agreement provides that the parties' rights and obligations survive the termination of the agreement and/or any order forms.

17. ProCARE ceased making all payments as required by the Master Agreement. TIBCO performed under the contract by providing TIBCO Software.

18. As of February 14, 2020, the total amount due and owing by ProCARE to TIBCO under the Master Agreement is $142,873.34 consisting of $108,517.50 in unpaid contract fees, and late fees in the amount of $34,355.84.

**FIRST CLAIM FOR RELIEF**

19. Plaintiff TIBCO incorporates by reference each of the allegations contained in the foregoing paragraphs.

20. Plaintiff performed all conditions, covenants, and promises required on its part to be performed with the terms and conditions of the contract alleged herein.

21. From April 4, 2017 through April 3, 2020, the Master Agreement governed ProCARE's right to use TIBCO Software.

22. Under the terms of the Master Agreement, in exchange for a non-transferable license of TIBCO Software, ProCARE was obligated to pay a subscription for the Payment Term.

ProCARE's obligations under the Master Agreement were in effect at all relevant times.

23. On October 10, 2017, ProCARE stated that it intended to terminate the Master Agreement. ProCARE ceased making all payments as required by the Master Agreement.

24. The Master Agreement states that termination of agreement does not relieve ProCARE of its obligation to pay all fees that have accrued or are otherwise owed. By failing to make payments due under the Master Agreement, during the Payment Term, ProCARE breached the terms of the Master Agreement.

25. The contract between TIBCO and ProCARE provides that ProCARE agrees to pay all of Plaintiff's costs, expenses, including legal fees and legal expenses, incurred in enforcing the contract.

26. TIBCO is entitled to recover from ProCARE the damages it has sustained as a result of these wrongful acts.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. Compensatory damages in the amount of $142,873.34, consisting of $108,517.50 in unpaid contract fees, and late fees in the amount of $26,095.51.

b. For compensatory damages according to proof;

c. For reasonable attorney's fees;

d. For costs of suit; and

e. For such other relief as the court may deem proper.

DATED: June 10, 2020     KIRSCHENBAUM LAW, PC

By: _____
JEFFREY B. KIRSCHENBAUM
KRISTIN L. WILLIAMS
Attorneys for Plaintiff
TIBCO Software, Inc.